**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY WALKER,** | ) | **CASE NO. 1:18 CV 1965** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **LT. COFFEE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Gregory Walker is presently an inmate at the Warren Correctional Institution in Ohio. At the time of the events at issue, he was incarcerated at the Mansfield Correctional Institution ("MCI") in Ohio. Walker brings this *in forma pauperis* civil action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against Lt. Coffee (Rules Infraction Board ("RIB") Chairperson), Ed Sheldon (Warden), and Gary Mohr (Director, Ohio Department of Rehabilitation and Correction) (collectively, "Defendants") regarding a disciplinary proceeding at MCI. (Doc. #: 8 ("Amended Complaint")).

For the reasons that follow, this case is dismissed.

**A. Background**

Walker alleges that Defendants violated his rights under the U.S. Constitution with respect to a prison disciplinary proceeding at MCI, and challenges the constitutionality of an Ohio Administrative Code ("OAC") rule concerning prison disciplinary proceedings. (*Id*. at 1).

This action arose as a consequence of a conduct report issued against Walker on August 22, 2018, by MCI Investigator Susan McGuire for violating inmate rules found at OAC § 5120-9-06(C) subsections 40, 45, 46, 54, and 56, which relate to criminal activity, including drugs. The conduct report is not attached to the Amended Complaint. Walker alleges that McGuire issued the conduct report in bad faith. (*Id.* ¶¶ 15, 21). Plaintiff claims that the telephone calls that triggered the conduct report had nothing to do with drugs, but with (1) his efforts to assist his daughter (whose abusive boyfriend destroyed her cell phone and clothing) by sending money, a cell phone, and clothing to Georgia; and (2) the reconstruction of the crime scene for his criminal case in Cuyahoga County by a friend in West Virginia. (*Id.* ¶¶ 16-20).

The same day the conduct report was issued, Plaintiff contacted defendants Coffee and Sheldon requesting the evidence that would be used at the RIB hearing. (*Id.* ¶¶ 22-23). On August 31, 2018, Plaintiff was called before the RIB and asked by Coffee if he was prepared to go forward. Walker told Coffee he wanted the evidence possessed by the charging official to be used at the RIB hearing because he believed it would not support the charged rule violations. (*Id.* ¶¶ 24-27). Walker alleges that Coffee stated that he could not review the evidence and that she would not review the evidence because the charging official "knows what she's doing." (*Id.* ¶¶ 28, 29). Plaintiff requested to call as witnesses the individuals whom he had telephoned, claiming they would testify that the phone calls did not involve drugs. Plaintiff also requested that the charging officer testify about the purportedly false conduct report. (*Id.* ¶ 30). Coffee denied Walker's request for witnesses and for evidence, and stated that Walker was receiving a fair hearing because he had notice of the charges against him. (*Id.* ¶¶ 31-33).

The RIB hearing reconvened on September 5, 2018. Walker was present and rebutted

-2-

the violations alleged in the conduct report. Plaintiff explained to the RIB that his telephone calls were related to issues concerning his daughter and the criminal case against him in Cuyahoga County, and had nothing to do with conveying contraband into the prison. (*Id.* ¶¶ 33-35). Plaintiff claims that at the hearing, Coffee turned toward an "assistant" and began laughing and said something in his ear. (*Id.* ¶ 36). Plaintiff alleges that Coffee found him guilty of the inmate rule violations charged in the conduct report "without there being any evidence" and without the testimony of the charging official. (*Id.* ¶ 38). The RIB hearing report is not attached to the Complaint. Plaintiff does not indicate any punishment imposed as a consequence of the disciplinary conviction beyond the visitor restrictions resulting from the allegations in the conduct report. Walker does not allege that he appealed the RIB conviction through MCI's available procedures.

Plaintiff claims that on August 23, 2018, defendant Sheldon restricted two of the individuals Plaintiff telephoned (allegedly to assist his daughter) from his visitation list as a consequence of the allegations in the conduct report – Juanita Shabazz and Tina Dowdell. According to the Plaintiff, Sheldon restricted these individual without any evidence that they were involved with him to introduce contraband into MCI. (*Id.* ¶ 39). Plaintiff does not allege that he appealed the visitor restrictions through MCI's available procedures.

Walker asserts five causes of action claiming deprivation of his Constitutional rights under the First and Fourteenth Amendments.[1] Cause of actions I and III: defendant Coffee deprived Plaintiff of his right to due process under the Fourteenth Amendment by not providing him with the evidence possessed by the charging official in advance of the RIB hearing or permitting him to bring witnesses to testify regarding the telephone calls at issue (*id.* ¶¶ 40-41, 54-55). Cause of action II: defendant Mohr deprived Plaintiff of his right to due process under the Fourteenth Amendment by promulgating OAC rule 5120-9-08 (*id.* ¶¶ 47-48). Cause of Action IV: defendant Sheldon deprived Plaintiff of his rights under the First Amendment by removing two individuals from Plaintiff's visitation list based upon the allegations in the conduct report (*id.* ¶¶ 61-62). Cause of Action V: defendants Coffee and Mohr deprived him of his right to due process under the Fourteenth Amendment to be found guilty by a preponderance of the evidence for violating inmate rules 40, 45, 46, 54, and 56 (*id.* ¶¶ 68-69).

Walker seeks the following relief: (1) a declaration that Defendants violated his constitutional rights under the First and Fourteenth Amendments, (2) $25,000.00 in compensatory damages and $75,000.00 in punitive damages for each cause of action, (3) expungement of his inmate record with respect to the conduct report and RIB conviction at issue here, and (4) reinstatement of Juanita Shabazz and Tina Dowdell to his visitation list.

---

[1] In the jurisdictional section of the Amended Complaint, Walker states that Defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. (Doc. #: 8 ¶ 1). Walker's causes of action are limited, however, to deprivations under the First and Fourteenth Amendments. The Court's obligation to liberally construe *pro se* pleadings does not require the Court to conjure factual allegations or construct legal claims on Plaintiff's behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). That said, "[p]rison inmates have no absolute constitutional right to visitation[,]" and limitations may be imposed to meet penological objectives such as the maintenance of security and order. *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984) (citations omitted).

**B. Standard of Review**

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) for failure to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**C. Analysis**

**1. Walker's claims are not cognizable uner 42 U.S.C. § 1983**

Walker brings this action pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Walker must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc*., 330 F.3d 899, 902 (6th Cir. 2003) (citations omitted).

Walker seeks a declaration that the conduct report, RIB conviction, and punishment violated his constitutional rights under the First and Fourteenth Amendments, and he seeks expungement of his prison record with respect to his disciplinary conviction by the RIB and

-5-

removal of visitation restrictions. To the extent that a ruling by this Court in Walker's favor would necessarily imply the invalidity of his disciplinary conviction and punishment, those claims are not cognizable under § 1983 until such time as his RIB conviction has been invalidated. *See Murray v. Unknown Evert*, 84 F. App'x 553, 555 (6th Cir. 2003) (prisoner's claim that misconduct conviction for threatening behavior is false is not cognizable under § 1983 because, if established, necessarily implies the invalidity of his disciplinary conviction; plaintiff must show his misconduct conviction has been invalidated in order to state a cognizable § 1983 claim) (citing *Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994)).

Plaintiff has not shown that his RIB conviction has been reversed or invalidated. Therefore, to the to the extent that a ruling in Plaintiff's favor would imply the invalidity of his disciplinary conviction and punishment, those claims are dismissed pursuant to § 1915(e) for failure to state a claim upon which relief can be granted. *See Hill v. Stone*, No. 4:18CV00808, 2018 WL 6018026, at *4 (N.D. Ohio Nov. 16, 2018) (Because plaintiff has not shown that his disciplinary conviction has been invalidated, due process claims that would imply the invalidity of his disciplinary conviction are not presently cognizable under § 1983, and are dismissed for failure to state a claim upon which relief can be granted.) (citing *Edwards* 520 U.S. at 648; *Heck*, 512 U.S. at 487).

To the extent that Plaintiff's § 1983 claims are cognizable and not subject to dismissal, those claims fall into two categories: (1) Defendants violated his Fourteenth Amendment right to due process in connection with the conduct report and RIB disciplinary proceedings; and (2) Defendants violated his First Amendment right with respect to prison visitation. But Walker

fails to plausibly allege the deprivation of any right secured by the First and Fourteenth Amendments and, therefore, fails to state a § 1983 claim upon which relief may be granted.

### 2. Walkers fails to state a § 1983 claim for deprivation of rights under the First or Fourteenth Amendments

"The 'Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner[.]'" *Bazzetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2005) (quoting *Sandin v. Conner,* 515 U.S. 472, 478 (1995)). A prisoner is entitled to due process under the Fourteenth Amendment only when a protected liberty interest is at issue. "Without a protected liberty interest, [a prisoner] cannot successfully claim that his due process rights were violated because 'process is not an end in itself.'" *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) (quoting *Olim v. Wakinekona,* 461 U.S. 238, 250 (1983)).

A constitutionally protected liberty interest triggering due process[2] occurs only when the discipline rises to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Restrictions on visitors do not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life and, therefore, do not implicate constitutional due process requirements. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification and resulting visitor

---

[2] In *Wolff v. McDonnell,* the Supreme Court addressed the due process requirements for a disciplinary hearing when the protected liberty interest of loss of good-time credits is at stake, which is not the case here, and held that the minimum due process requirements for such a disciplinary hearing are: (1) written notice of the charges before the hearing, (2) an opportunity to call witnesses and present evidence when consistent with institutional safety and correctional goals, and (3) a written statement of the evidence relied upon and reason for the disciplinary action taken. *See Blevins v. Lamanna*, 23 F. App'x 216, 217 (6th Cir. 2001) (citing *Wolff*, 418 U.S. 539, 563-67 (1974)). The evidentiary standards of "beyond a reasonable doubt" or "preponderance of the evidence" are not required for conviction – only "some evidence" must exist to support a disciplinary conviction. *Id*. (citing *Superintendent, Mass. Corr. Inst., v. Hill*, 472 U.S. 445, 455-56 (1985)).

limitations is not an atypical and significant hardship); *Bazzetta*, 430 F.3d at 804-05; *Spear v. Sowders*, 71 F.3d 626, 630 (6th Cir. 1995) (a prisoner does not have a due process right to unfettered visitation) (citing *Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1998)).

Sheldon's removal of two individuals from Walker's permitted visitor list does not constitute a liberty interest implicating due process rights under the Fourteenth Amendment. *See Bazzetta*, 430 F.3d at 804-05 (prison's ban on visitation for inmates who violate substance abuse regulations does not implicate due process). Nor does this visitor restriction implicate Walker's First Amendment rights.[3] *See Overton v. Bazzetta*, 539 U.S. 126 (2003) (prison regulations on inmate visitation do not violate First Amendment free association guarantee).

Because a limited loss of visitation privileges does not constitute a protected liberty interest, Walker fails to state a § 1983 Fourteenth Amendment due process claim and First Amendment claim upon which relief can be granted, and those claims are dismissed pursuant to § 1915(e).[4]

### 3. Walker fails to state a claim that OAC § 5120-9-08 violates the due process clause of the Fourteenth Amendment

---

[3] Even where a prison regulation impinges on an inmate's constitutional rights, "the regulation is valid if it is reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

[4] To the extent that Walker claims his constitutional rights were violated because the allegations in the conduct report were false, that claim also fails because a prisoner does not have a constitutional right to be free from erroneous allegations of misconduct. *See Goudlock v. Blankenship*, No. 1:13-CV-1215, 2015 WL 5730219, at *6 (N.D. Ohio Sept. 28, 2015) (a prisoner has no clearly established constitutional right to a "correct" conduct report or to a certain kind of testimony at a disciplinary hearing) (collecting cases); *Reeves v. Mohr*, No. 4:11CV2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (same) (collecting cases); *see also Jones v. McKinney*, 172 F.3d 48 (6th Cir. 1998) (Table) ("McKinney did not violate Jones's constitutional rights, even if the disciplinary report was false, because a prisoner has no constitutionally protected immunity from being wrongly accused.") (citation omitted). A false conduct charge may result in a constitutional violation if, as a result, a prisoner is deprived of a protected liberty interest without due process. *See Reeves,* 2012 WL 275166, at *2 (citing *Sandin*, 515 U.S. at 485). But for the reasons discussed herein, Walker lacks a constitutionally protected liberty interest in the removal of two individuals from his permitted visitor list. Therefore, even accepting the truth of Walker's claim that the inmate violations alleged in the conduct report are false, he fails to state a § 1983 claim upon which relief may be granted.

Walker alleges that defendant Mohr's promulgation of OAC § 5120-9-08 violates the Fourteenth Amendment because the rule's provisions regarding witness testimony and disclosure of evidence to a prisoner in advance of the RIB hearing does not satisfy due process requirements. (*See* Doc. #: 8 ¶ 14). But for the reasons discussed above, the Court has determined that Walker was not entitled to due process under the Fourteenth Amendment. Therefore, Plaintiff's fails to state a claim that OAC § 5120-9-08 is unconstitutional because that rule deprives him of his right to due process under the Fourteenth Amendment.[5]

In order for a state regulation to create a liberty interest, the "'regulation must establish freedom from restraint which 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Walker v. Mohr*, No. 2:16-CV-769, 2017 WL 398418, at *4 (S.D. Ohio Jan. 30, 2017) (quoting *Sandin*, 515 U.S. at 484), *appeal dismissed* (Mar. 30, 2017). The existence of a liberty interest depends upon the nature of the deprivation to which a prisoner is subjected, and the warden's removal of two individuals from Walker's permitted visitors does not implicate a state liberty interest capable of being violated. *See Blair v. Loomis*, 1 F. Supp. 2d 769, 772 (N.D. Ohio 1998) ("Ohio federal district courts have uniformly held [OAC] § 5120–9–15 does not create a liberty interest in visitation.") (collecting cases); *see also Walker,* 2017 WL 398418 at * 5 (Ohio regulation does not implicate a

---

[5] Under the OAC § 5120-9-08, when a prisoner goes before a RIB, the board *may* hear testimony and receive evidence in any form or manner it deems appropriate. *See Hill v. McGilton*, No. 2:18-CV-944, 2018 WL 4932084, at *3 (S.D. Ohio Oct. 11, 2018) (The Sixth Circuit has concluded that OAC § 5120-9-08 does not mean that a prisoner "'has an absolute right to present witnesses at a disciplinary hearing.'") (quoting *Doss v. Maki*, 2018 U.S. App. LEXIS 19638, *5-6), *report and recommendation adopted,* No. 2:18-CV-944, 2018 WL 6046379 (S.D. Ohio Nov. 19, 2018). Moreover, a state has no "'federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable.'" *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (quoting *Levine v. Torvik*, 986 F.2d 1056, 1515 (6th Cir. 1993)).

prisoner's liberty interest where visitation rights for a prisoner's brother were permanently revoked because prison officers believed his brother smuggled contraband into the prison) (citations omitted); *West v. Russell*, 99 F.3d 1141 (6th Cir. 1996) (Table) (Ohio law creates no liberty interest in visitation).

In the absence of a liberty interest in prison visitation at the federal or state level, Walker is not entitled to due process with respect to limiting visitation privileges and, therefore, Plaintiff's claim against Mohr based upon the purported unconstitutionality of OAC § 5120-9-08 fails to state a claim upon which relief can be granted, and is dismissed pursuant to § 1915(e).

### 4. Walker's 42 U.S.C. §§ 1985 and 1986 claims are dismissed

Unlike § 1983, § 1985 does not provide a cause of action for the deprivation of independent rights secured by the Constitution, but rather, prohibits conspiracies intended to prohibit persons or classes of persons from equal exercise of their civil rights. *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 840-41 (1983). To state a § 1985 conspiracy claim, a plaintiff must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of plaintiff or deprivation of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003) (citing *United Bhd. of Carpenters & Joiners of Am.,* 463 U.S. at 828-29. The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992)). Even liberally construing the Amended Complaint,

the Court finds no allegations that plausibly state a § 1985 claim against Defendants, and Walker's § 1985 claim is dismissed pursuant to § 1915(e).

Section 1986 creates a cause of action for knowing failure to prevent a § 1985 conspiracy. Because Walker has not plausibly alleged a § 1985 claim, there can be no cause of action under § 1986. *Lorenzi v. Lorenzi*, 44 F. App'x 683, 685 (6th Cir. 2002) (citing *Braley v. City of Pontiac,* 906 F.2d 220, 227 (6th Cir. 1990) (plaintiff with no cause of action under § 1985 has no cause of action under § 1986)). Accordingly, Walker fails to state a plausible § 1986 claim, and that claim is dismissed pursuant to § 1915(e).

**D. Conclusion**

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Walker's motion to access the law library in order to submit an Amended Complaint (Doc. #: 6) is moot, and denied as such.

-11-

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

**IT IS SO ORDERED**.

    s/*Dan Aaron Polster*    3/1/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[6] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.